UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-00295-JRW-RSE

LIFEBACK RECOVERY CENTER, PLLC
on behalf of Plaintiff and class members defined herein                                                   PLAINTIFF

v.

PHARMACY ASSOCIATES, INC., et al.                                                                               DEFENDANTS

### ORDER

**IT IS ORDERED** as follows:

1. The Court **GRANTS** LifeBack's motion for leave to amend (DN 15).

2. The Court **DIRECTS** the Clerk to file the Second Amended Complaint (DN 15-1).

3. The Court **DIRECTS** the Clerk to correct LifeBack's name on the case caption.

4. The Court **DENIES as moot** Pharmacy's two motions to dismiss (DNs 9 & 14).

### MEMORANDUM OPINION

This matter is before the Court on Defendant's Motions to Dismiss (DN 9, 14) and Plaintiff's Motion for Leave to File Second Amended Complaint (DN 15). The motions are ripe for adjudication. For the reasons outlined below, Plaintiff's motion is **GRANTED**, and Defendant's motions are **DENIED AS MOOT**.

### I.   BACKGROUND

Plaintiff LifeBack Recovery Center, PLLC ("LifeBack") filed this action on its own behalf and on behalf of potential class members alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and common law by Defendants Pharmacy Associates, Inc. d/b/a

CompreCare Pharmacy ("Pharmacy Associates") and ten John Does.[1] (Compl. ¶¶ 1, 3-5, DN 1). In the Complaint, LifeBack alleged that it received three separate unsolicited fax advertisements sent by Pharmacy between 12:48 PM and 12:50 PM on or about December 7, 2018. (Compl. ¶¶ 9-11, 13).

On May 21, 2019, Pharmacy Associates moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6). (Def.'s Mem. Supp. Mot. Dismiss 1, DN 9-1). In support of its motion, Pharmacy Associates argued that this Court lacked personal jurisdiction over it and that LifeBack had failed to state a claim under the TCPA. (Def.'s Mem. Supp. Mot. Dismiss 3-10, DN 9-1). On May 22, 2019, LifeBack filed its First Amended Complaint, including the appendices originally omitted from the Complaint. (First Am. Compl. n.1, DN 13).

On June 5, 2019, Pharmacy Associates moved to dismiss the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6). (Def.'s Mem. Supp. Mot. Dismiss 1, DN 14-1). In this motion, Pharmacy Associates again challenged the existence of personal jurisdiction and the sufficiency of the allegations in the First Amended Complaint. (Def.'s Mem. Supp. Mot. Dismiss 5-14, DN 14-1). On June 20, 2019, LifeBack moved for leave to file a Second Amended Complaint pursuant to Fed. R. Civ. P. 15. (Pl.'s Mot. Leave File Second Am. Compl., DN 15). In its motion and in the allegations in the proposed Second Amended Complaint, LifeBack contends that Pharmacy Associates sent one three-page fax and not three separate one-page faxes as originally alleged. (Pl.'s Mot. Leave File Second Am. Compl. 1-3; Proposed Second Am. Compl. ¶¶ 9-10, DN 15-1). Pharmacy Associates opposes the most recent motion as futile. (Def.'s Resp. Pl.'s Mot. Leave File Second Am. Compl. 3-6, DN 16).

---

[1] While the Complaint referenced Exhibits A though C, those exhibits were omitted from the court filing.

## II.  DISCUSSION

### A.  Plaintiff's Motion for Leave to File Second Amended Complaint (DN 15)

As a preliminary matter, the Court will consider whether LifeBack should be granted leave to file its Second Amended Complaint. In the Second Amended Complaint, LifeBack revises the allegations to assert that it only received one unsolicited fax comprising of three pages sent on October 18, 2018. (Pl.'s Mot. Leave File Second Am. Compl. 2; Proposed Second Am. Compl. ¶¶ 9-10). Pharmacy Associates opposes the motion on the grounds that it is futile. (Def.'s Resp. Pl.'s Mot. Leave File Second Am. Compl. 3-6).

A motion for leave to file an amended complaint is governed by Fed. R. Civ. P. 15(a)(2), which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." A court should freely grant a plaintiff leave to amend a pleading "when justice so requires." *Id*. However, a court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). In order "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Further, a court

must "(1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

The parties dispute whether the fax in question was subject to the TCPA. In relevant part, that law provides:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> . . .
> (C) to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement, unless—
> > (i) the unsolicited advertisement is from a sender with an established business relationship with the recipient;
> > (ii) the sender obtained the number of the telephone facsimile machine through—
> > > (I) the voluntary communication of such number, within the context of such established business relationship, from the recipient of the unsolicited advertisement, or
> > > (II) a directory, advertisement, or site on the Internet to which the recipient voluntarily agreed to make available its facsimile number for public distribution,
> > > except that this clause shall not apply in the case of an unsolicited advertisement that is sent based on an established business relationship with the recipient that was in existence before July 9, 2005, if the sender possessed the facsimile machine number of the recipient before July 9, 2005; and
> > (iii) the unsolicited advertisement contains a notice meeting the requirements under paragraph (2)(D),
> > except that the exception under clauses (i) and (ii) shall not apply with respect to an unsolicited advertisement sent to a telephone facsimile machine by a sender to whom a request has been made not to send future unsolicited advertisements to such telephone facsimile machine that complies with the requirements under paragraph (2)(E) . . . .

47 U.S.C. § 227(b)(1). The crux of the potential futility of this motion is whether the Pharmacy Associates' fax met the definition of an "advertisement" under Section 227.

4

In opposing the motion, Pharmacy Associates relies on *Sandusky Wellness Center, LLC v. Medco Health Solutions, Inc.*, 788 F.3d 218 (6th Cir. 2015). In *Sandusky*, the defendant pharmacy sent two unsolicited faxes to the plaintiff, a chiropractic office. *See id.* at 220. In those faxes the pharmacy "list[ed] medications available in the health plans of the chiropractors' patients." *Id*. The plaintiff alleged that the faxes violated the TCPA, and the trial court granted summary judgment for the pharmacy on the basis that the faxes were informational rather than advertisements. *See id.* at 221.

On appeal, the Sixth Circuit affirmed the dismissal of the TCPA claim. After examining the definition of an "advertisement" in the TCPA, the court noted:

> We can glean a few things from that definition. For one thing, we know the fax must *advertise* something. Advertising is "[t]he action of drawing the public's attention to something to promote its sale," or "the action of calling something (as a commodity for sale, a service offered or desired) to the attention of the public." So material that advertises something promotes it to the public as *for sale*. For another thing, we know that what's advertised—here, the "availability or quality of any property, goods, or services"—must be *commercial* in nature. Commercial means "of, in, or relating to commerce"; "from the point of view of profit: having profit as the primary aim." It's something that relates to "buying and selling." So to be an ad, the fax must promote goods or services to be bought or sold, and it should have profit as an aim.
>
> This refinement puts meat on the Act's bones: An advertisement is any material that promotes the sale (typically to the public) of any property, goods, or services available to be bought or sold so some entity can profit.

*Id.* at 221-22 (internal citations omitted) (citations omitted). Because the faxes were informational in nature and lacked any indicia of a profit motive, the Sixth Circuit held that the TCPA did not apply. *See id.* at 222.

Here, the fax purportedly sent by Pharmacy Associates has some similarities to the fax in *Sandusky*. This fax does contain general information, including: (i) information on non-opioid pain management alternatives; (ii) the availability of compounding for medicines for patients with

5

different types of pain issues; and (iii) information on counseling services. (Proposed Second Am. Compl. App. A, at 2-4, DN 15-1).

Pharmacy Associates' fax, however, may be distinguishable from the fax in *Sandusky* because this fax could be characterized as soliciting business by providing information on how to order prescriptions electronically, by fax, and by telephone. (Proposed Second Am. Compl. App. A, at 2, 4). The fax may also promote the availability of goods and services provided by Pharmacy Associates and invite the recipient's patients to use Pharmacy Associates' pharmacy services, which could indicate that the fax was sent with the intent to profit from soliciting business. *See* 788 F.3d at 223-24 ("The term 'advertisement' unambiguously contains commercial components: To be an ad, the fax must promote goods or services that are for sale, and the sender must have profit as an aim.") (citations omitted).

Finally, the fax says, "We offer free ground shipping directly to patient homes and can ship directly to physician offices when necessary." (DN 15-1 at #127). Offering free shipping may cross the line from "informational" to promotional. (DN 16 at #138). It's one way to advertise a good you're selling: you'll cover the costs of mailing it to the buyer.

For these reasons, LifeBack has sufficiently pleaded a claim under the TCPA in the Second Amended Complaint, and this motion is not futile. Accordingly, the Court will grant this motion.

B.     **Defendant's Motions to Dismiss (DN 9, 14)**

In its motions to dismiss, Pharmacy Associates attacks the allegations in the Complaint and First Amended Complaint. Because the Second Amended Complaint subsumed the allegations in the prior versions of the Complaint, the Court will deny these motions as moot. *See Herran Props., LLC v. Lyon Cty. Fiscal Court*, No. 5:17-CV-00107-GNS, 2017 WL 6377984, at *2 (W.D. Ky. Dec. 13, 2017) (citing *Cedar View, Ltd. v. Colpetzer*, No. 5:05-CV-00782, 2006 WL 456482, at

6

*5 (N.D. Ohio Feb. 24, 2006); *Ky. Press Ass'n, Inc. v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)).

Justin R Walker, District Judge
United States District Court

May 19, 2020