IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| LIFEBACK RECOVERY CENTER, PLLC,<br><br>Plaintiff,<br><br>vs.<br><br>PHARMACY ASSOCIATES, INC.,<br>doing business as<br>COMPRECARE PHARMACY<br>and JOHN DOES 1-10,<br><br>Defendant. | Case No. 3:19-cv-295-RGJ |

**PHARMACY ASSOCIATES, INC.'S ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT**

Defendant, Pharmacy Associates, Inc., ("Pharmacy Associates"), for its Answer to the Second Amended Second Amended Complaint (Doc. #21) states:

**FIRST DEFENSE**

The Second Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the statute on which Plaintiff relies does not provide for the relief sought in the Second Amended Complaint.

**THIRD DEFENSE**

Pharmacy Associates affirmatively preserves all exemptions to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). In particular, Exhibit A to the Second Amended Complaint does not constitute an "unsolicited advertisement" as the TCPA defines that term.

1

## FOURTH DEFENSE

The Second Amended Complaint should be dismissed as Pharmacy Associates complied with all legal obligations in dealing with Plaintiff.

## FIFTH DEFENSE

The Second Amended Complaint should be dismissed, in whole or in part, because the damages alleged therein were caused, if at all, by the wrongful conduct of individuals and/or entities other than Pharmacy Associates and were not the proximate result of any act, omission or breach of Pharmacy Associates.

## SIXTH DEFENSE

The Second Amended Complaint should be dismissed, in whole or in part, because Plaintiff specifically requested or consented to receipt, through its agents or employees, the information contained in Exhibit A to the Second Amended Complaint.

## SEVENTH DEFENSE

The injuries to Plaintiff, if any, were caused in whole or in part by the acts or omissions of others for whose conduct Pharmacy Associates is not responsible.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by reason of its failure to mitigate the alleged damages or losses.

## NINTH DEFENSE

All activities of Pharmacy Associates, as alleged in the Second Amended Complaint, were authorized by the appropriate agency, entity or individual.

### TENTH DEFENSE

Plaintiff's allegations of a putative class action fail because a class action would not result in substantial benefits to the litigants or the Court.

### ELEVENTH DEFENSE

Plaintiff allegations of a putative class action fail because there is an insufficient community of interest among the putative class.

### TWELTH DEFENSE

Plaintiff's allegations of a putative class action fail because the claims of the purported class representatives are not typical of the class.

### THIRTEENTH DEFENSE

Plaintiff's allegations of a putative class action fail because the named Plaintiff cannot adequately represent the members of the putative class.

### FOURTEENTH DEFENSE

Plaintiff's allegations of a putative class action fail because the alleged damages of the purported class representatives are not typical of the class.

### FIFTEENTH DEFENSE

Pharmacy Associates reserves the right to file further pleadings and assert other defenses, including appropriate counterclaims, cross-claims and third-party Second Amended Complaints, as proof develops.

### SIXTEENTH DEFENSE

As to the numbered paragraphs of Plaintiff's Second Amended Complaint, Defendant Pharmacy Associates pleads as follows:

1. Pharmacy Associates admits that Plaintiff LifeBack Recovery Center, PLLC ("LifeBack") is asserting claims under the statute cited in paragraph 1 but denies the remaining averments of paragraph 1 of the Second Amended Complaint

2. The first sentence of Paragraph 2 of the Second Amended Complaint states a legal conclusion to which no response is required. The remaining averments of paragraph 2 are denied.

3. Pharmacy Associates lacks sufficient information or knowledge to admit or deny the averments in paragraph 3 of the Second Amended Complaint, and therefore denies such allegations.

4. Pharmacy Associates admits the averments of paragraph 4 of the Second Amended Complaint.

5. Pharmacy Associates lacks sufficient information or knowledge to admit or deny the averments in paragraph 5 of the Second Amended Complaint, and therefore denies such allegations.

6. Paragraph 6 of the Second Amended Complaint states a legal conclusion, to which no response is required and the averments contained therein are considered denied or avoided pursuant to Fed. R. Civ. Pro. 8(b)(6).

7. Pharmacy Associates admits so much of paragraph 7 of the Second Amended Complaint as it states Pharmacy Associates has transacted business in Kentucky, but not related to the averments in the Second Amended Complaint. Pharmacy Associates denies the remaining averments contained in paragraph 7 of the Second Amended Complaint.

8. Pharmacy Associates denies the averments contained in paragraph 8 of the Second Amended Complaint.

9. Pharmacy Associates is without information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 9 of the Second Amended Complaint and therefore denies the averments.

10. Pharmacy Associates admits that the document attached as Exhibit A to the Second Amended Complaint appears to contain the headers listed thereon and denies the remaining averments contained in paragraph 10 of the Second Amended Complaint.

11. Pharmacy Associates denies the averments contained in paragraph 11 of the Second Amended Complaint to the extent it seeks to imply and faxes were sent in violation of the TCPA.

12. Pharmacy Associates denies the averments contained in paragraph 12 of the Second Amended Complaint.

13. Pharmacy Associates denies the averments contained in paragraph 13 of the Second Amended Complaint.

14. Pharmacy Associates admits the averments contained in paragraph 14 of the Second Amended Complaint.

15. Pharmacy Associates admits the averments contained in paragraph 15 of the Second Amended Complaint except to the extent Plaintiff and its principal are no longer a provider.

16. Pharmacy Associates denies the averments contained in paragraph 16 of the Second Amended Complaint.

17. In response to the averments in Paragraph 17 of the Second Amended Complaint, Pharmacy Associates states that its website speaks for itself. To the extent a response is needed,

Pharmacy Associates denies the averments contained in paragraph 17 of the Second Amended Complaint.

18. Pharmacy Associates admits the averments contained in paragraph 18 of the Second Amended Complaint.

19. To the extent Paragraph 19 of the Second Amended Complaint states a legal conclusion, no response is required. To the extent a response is required, Pharmacy Associates denies the averments in paragraph 19 of the Second Amended Complaint.

20. To the extent Paragraph 20 of the Second Amended Complaint states a legal conclusion, no response is required. To the extent a response is required, Pharmacy Associates denies the averments in paragraph 20 of the Second Amended Complaint.

21. Pharmacy Associates denies the averments contained in paragraph 21 of the Second Amended Complaint.

22. Pharmacy Associates denies the averments contained in paragraph 22 of the Second Amended Complaint.

23. Pharmacy Associates denies the averments contained in paragraph 23 of the Second Amended Complaint.

24. Pharmacy Associates denies the averments contained in paragraph 24 of the Second Amended Complaint.

25. To the extent Paragraph 25 of the Second Amended Complaint states a legal conclusion, no response is required. To the extent a response is required, Pharmacy Associates denies the averments in paragraph 17 of the Second Amended Complaint.

26. Pharmacy Associates denies the averments contained in paragraph 26 of the Second Amended Complaint.

27. Pharmacy Associates denies the averments contained in paragraph 27 of the Second Amended Complaint.

## COUNT I

28. Pharmacy Associates incorporates its responses to paragraphs 1-27 of the Second Amended Complaint above as though set forth fully in its response to paragraph 28 of the Second Amended Complaint

29. To the extent Paragraph 29 of the Second Amended Complaint sets forth the textual provisions of a federal statute, 47 U.S.C. § 227(b)(3), no response is required. To the extent a response is required, Pharmacy Associates states the statute speaks for itself. Pharmacy Associates denies any remaining averments in paragraph 29 of the Second Amended Complaint.

30. To the extent Paragraph 30 of the Second Amended Complaint sets forth the textual provisions of a federal statute, 47 U.S.C. § 227(b)(3), no response is required. To the extent a response is required, Pharmacy Associates states the statute speaks for itself. Pharmacy Associates denies any remaining averments in paragraph 30 of the Second Amended Complaint.

31. Pharmacy Associates denies the averments contained in paragraph 31 of the Second Amended Complaint.

32. Pharmacy Associates denies the averments contained in paragraph 32 of the Second Amended Complaint.

33. Pharmacy Associates denies the averments contained in paragraph 33 of the Second Amended Complaint.

34. Pharmacy Associates denies the averments contained in paragraph 34 of the Second Amended Complaint.

## CLASS ALLEGATIONS

35. With regard to the averments contained in paragraph 35 of the Second Amended Complaint, Pharmacy Associates admits that Plaintiff LifeBack purports to assert the allegations contained in the Second Amended Complaint individually and on behalf of all others similarly situated. Further, Pharmacy Associates denies all of those averments, including their legal sufficiency, unless expressly admitted herein. Pharmacy Associates further denies the named Plaintiff's ability to assert the averments contained in the Second Amended Complaint on behalf of anyone other than itself because Plaintiff LifeBack is not an appropriate representative of the putative class. Pharmacy Associates also states that each individual's claim varies both legally and factually to such an extent that class certification is inappropriate because, *inter alia*, (1) the purported class members reside in areas which may not be served by the Defendant Pharmacy Associates; (2) the purported class members, if they received any facsimile transmissions, may have obtained facsimiles containing different content, or under different circumstances, or under different requests for information, and the applicability of 47 U.S.C. § 227 would vary depending on the content and/or facts surrounding any such facsimile received; and (3) the purported class members may not have suffered any damages and may therefore lack standing.

36. Pharmacy Associates denies the averments contained in paragraph 36 of the Second Amended Complaint. Further, Pharmacy Associates incorporates its response to paragraph 35 as if set forth fully herein.

37. Pharmacy Associates denies the averments contained in paragraph 37 of the Second Amended Complaint. Further, Pharmacy Associates incorporates its response to paragraph 35 as if set forth fully herein.

38. Pharmacy Associates denies the averments contained in paragraph 38 of the Second Amended Complaint. Further, Pharmacy Associates incorporates its response to paragraph 35 as if set forth fully herein.

39. Pharmacy Associates denies the averments contained in paragraph 39 of the Second Amended Complaint. Further, Pharmacy Associates incorporates its response to paragraph 35 as if set forth fully herein.

40. Pharmacy Associates denies the averments contained in paragraph 40 of the Second Amended Complaint. Further, Pharmacy Associates incorporates its response to paragraph 35 as if set forth fully herein.

41. To the extent Paragraph 41 of the Second Amended Complaint sets forth legal conclusions, no response is required. To the extent a response is required, Pharmacy Associates states the legal authorities cited speak for themselves. Pharmacy Associates denies the any remaining averments contained in paragraph 41 of the Second Amended Complaint.

42. Pharmacy Associates denies the averments contained in paragraph 42 of the Second Amended Complaint. Further, Pharmacy Associates incorporates its response to paragraph 35 as if set forth fully herein.

**WHEREFORE**, Defendant Pharmacy Associates Inc. demands the following:

a. That the Second Amended Complaint be dismissed with prejudice;

b. That the Court deny certification of a Plaintiff class;

c. Its costs and attorneys' fees incurred herein as allowed by law; and

d. Any and all other relief to which may appear to be entitled.

Respectfully submitted,

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A**.


*/s/ Donald L. Miller, II*
Donald L. Miller, II
Julie C. Foster
9300 Shelbyville Road, Suite 400
Louisville, Kentucky 40222
Telephone:  (502) 423-6390
Facsimile:   (502) 423-6391
dmiller@qpwblaw.com
jahrens@qpwblaw.com
julie.foster@qpwblaw.com
*Counsel for Defendant*


## CERTIFICATE OF SERVICE

I hereby certify that on **June 11, 2020**, I electronically filed the foregoing with the Clerk of the Court by using the ECF system. I further certify that a true and accurate copy of the foregoing was served via U.S. mail, first class, postage prepaid, on the **11th**  day of **June, 2020**, upon:

Daniel A. Edelman, Esq.
Cathleen M. Combs, Esq.
Dulijaza (Julie) Clark, Esq.
EDELMAN, COMBS LATTURNER
 & GOODWIN, LLC
20 S. Clark Street, Ste. 1500
Chicago, IL 60603
*Counsel for Plaintiff*

- and –

Zachary L. Taylor, Esq.
TAYLOR COUCH, PLLC
130 Saint Matthews Ave, Suite 301
Louisville, KY 40207
*Co-Counsel for Plaintiff,*
*LifeBack Recovery Center, PLLC*


*/s/ Donald L. Miller, II*
*Counsel for Defendant*